IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>Defendants. | Case No. 1:24-cv-01689-ARW-JC<br><br>Honorable Judge Andrea R. Wood<br><br>Magistrate Jeffrey Cole |

**PLAINTIFF HONG KONG LEYUZHEN TECHNOLOGY CO. LTD.'S ANSWER TO AS A PAINTER, CBS, CURVY, MIDANDOLDLIFE, YISHANG TYPE, ENVEMOUR, HAIMENGFUSHI, TWO RED, AND SHIJU'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff Hong Kong Leyuzhen Technology Co. Ltd. ("Plaintiff" or "Counterclaim Defendant") hereby answers the following Counterclaims by Defendants A PAINTER, CBS, CURVY, MIDANDOLDLIFE, YISHANG TYPE, ENVEMOUR, HAIMENGFUSHI, TWO RED, AND SHIJU ("Defendants").

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants file this counterclaim against Plaintiff and allege:

**ANSWER:** Denied.

## PARTIES

1. Defendant AS A PAINTER store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 1 of the Counterclaims and, therefore, denies the same.

2. Defendant CBS store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 2 of the Counterclaims and, therefore, denies the same.

3. Defendant Curvy store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 3 of the Counterclaims and, therefore, denies the same.

4. Defendant MidandOldLife store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 4 of the Counterclaims and, therefore, denies the same.

5. Defendant Yishang Type store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 5 of the Counterclaims and, therefore, denies the same.

6. Defendant ENVEMOUR store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 6 of the Counterclaims and, therefore, denies the same.

7. Defendant HAIMENGFUSHI store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 7 of the Counterclaims and, therefore, denies the same.

8. Defendant Two Red store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 8 of the Counterclaims and, therefore, denies the same.

9. Defendant ShiJu store is a business entity that is organized under the laws of, and headquartered in, China.

**ANSWER:** Plaintiff lacks knowledge or information sufficient to form a belief about the allegations in paragraph 9 of the Counterclaims and, therefore, denies the same.

## JURISDICTION AND VENUE

10. The Counterclaim is an action arising under, and this Court has jurisdiction pursuant to, 28 U.S.C. §§1331, 1338 and 28 U.S.C. §§ 2201 *et seq.*

**ANSWER:** Denied.

11. Defendants seek to obtain a judgment declaring that they do not infringe U.S. Copyright Registration No. Nos. VA0002379907, VA0002379894, VA0002379930 (the "Asserted Brand Copyrights").

**ANSWER:** Denied.

12. An actual, substantial, and continuing justiciable controversy exists between Plaintiff and Defendants.

**ANSWER:** Denied.

13. Because Plaintiff has filed this lawsuit against Defendants, Defendants have standing to file these counterclaims for declaratory judgments of non-infringement of the Asserted Brand Copyrights.

**ANSWER:** Denied.

## FACTUAL BACKGROUND

14. Plaintiff purports to be the legal owner and author of United States Copyright Registration Nos. VA0002379907, VA0002379894, VA0002379930 (the "Asserted Brand Copyrights"). The Asserted Brand Copyright is for images and 3-D artwork embodied in Plaintiff's brand product line of women's apparel.

**ANSWER:** Admits being owner of US Copyright registration numbers VA0002379907, VA0002379894, VA0002379930; to the extent the remaining allegations in this paragraph seek to summarize the contents of a document. Plaintiff Denies those allegations as the contents of the document speak for themselves.

15. The Asserted Brand Copyrights are three groups of published photographs, allegedly created in 2022 and 2023. The articles of clothing in the published photographs are uncopyrightable.

**ANSWER:** Denied.

16. Plaintiff has accused Defendants' listings of infringement.

**ANSWER:** Denied.

17. Defendants do not infringe the Asserted Brand Copyrights as it lacks any similarity to Plaintiff's Asserted Brand Copyrights due to the pose of the models, the style of background, the colors of clothing, the shade and contraction of the photographs.

**ANSWER:** Denied.

## COUNT I – NON-INFRINGEMENT

18. Defendants incorporate by reference the preceding paragraphs of these counterclaims as if fully set forth herein.

**ANSWER:** Plaintiff incorporates by reference the preceding paragraphs of this answer as if fully set forth herein.

19. The Accused Products do not infringe the Asserted Brand Copyrights as they are not similar to the Asserted Brand Copyrights.

**ANSWER:** Denied.

20. Defendants has not committed any actual copyright infringement of the Asserted Brand Copyrights.

**ANSWER:** Denied.

21. As a result of the acts described in the forgoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Denied.

22. Defendants seek a judicial determination and declaration of the respective rights and duties of the parties based on Defendants' contentions as set forth in the paragraphs above. Such determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the non-infringement of the Asserted Brand Copyrights.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray the Court for judgment as follows:

A.  Judgment be entered in favor of Defendants and against Plaintiff on each and every count of the Complaint and on each and every count of the Counterclaims;

B.  That judgment be entered declaring that Defendants have not infringed the Asserted Brand Copyrights;

C.  That judgment be entered declaring that Plaintiff is not entitled to injunctive relief, money damages, costs, attorneys' fees, or any other remedy for any alleged infringement by Defendants;

D.  A permanent injunction against Plaintiff so that it is prohibited from misrepresenting or filing infringement claims of the Asserted Brand Copyrights against Defendants with Temu or any other marketplaces.

E.  For an award to Defendants of their reasonable attorneys' fees and costs as permitted by law; and

F.  Such other relief as this Court deems just and proper.

**ANSWER:** Denied as to all, A through F.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues that are triable of right to a jury in this action.

**ANSWER:** Admitted.

**AFFIRMATIVE DEFENSES**

23.     Plaintiff/Counter-Defendant does not knowingly or intentionally waive any applicable defense and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.

24.     Plaintiff/Counter-Defendant further reserves the right to amend its Answer and/or defenses accordingly and/or delete defenses that it determines are not applicable during the course of the proceedings.

25.     Without assuming any burdens that it would otherwise bear; Plaintiff/Counter-Defendant asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

26.     Defendant's counterclaims are barred, in whole or in part, because Defendants Counterclaimants fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

27.     Defendants' counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Defendants because Defendants assumed the risk that Plaintiff would discover Defendants' infringement and bring suit.

**THIRD AFFIRMATIVE DEFENSE**

28.     Defendants' counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Defendants because Defendants waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to estoppel and/or the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

29. Defendants' counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Defendants because Counterclaim-Plaintiffs have infringed the alleged Copyrights by using, selling, offering for sale the infringing products in the United States.

## FIFTH AFFIRMATIVE DEFENSE

30. Defendant's counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Defendants because Counterclaim Plaintiffs claims are barred, in whole or in part, under principles of equity, including without limitation, waiver, estoppel, unclean hands, and/or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

31. Counterclaim Defendant asserts all applicable affirmative defenses codified in Federal Rule of Civil Procedure 8(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF/COUNTERCLAIM DEFENDANT respectfully requests the following relief:

A. That Defendants take nothing on their Counterclaims;

B. That this Court dismiss Defendant's Counterclaims with prejudice;

C. That Plaintiff/Counterclaim Defendant be awarded their costs;

D. That Plaintiff/Counterclaim Defendant be awarded their attorneys' fees and costs, pursuant to statute, rule, or otherwise;

E. Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorneys' fees and non-taxable costs to Plaintiff; and

    F. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

DATED: November 19, 2024      Respectfully submitted,

                By: */s/ Shawn A. Mangano*
                Shawn Mangano (ADRC 6299408)
                **BAYRAMOGLU LAW OFFICES LLC**
                1540 West Warm Springs Road Ste. 100
                Henderson, NV 89014
                Tel: (702) 462-5973 | Fax: (702) 553-3404
                shawnmangano@bayramoglu-legal.com
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Shawn A. Mangano*
Shawn A. Mangano (Bar No. 6299408)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 Fax: (702) 553-3404
shawnmangano@bayramoglu-legal.com
*Attorney for Plaintiff*